IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 24, 2009

## STATE OF TENNESSEE v. JUSTIN MICHAEL SCOTT

**Direct Appeal from the Criminal Court for Knox County**
**No. 89759      Richard R. Baumgartner, Judge**

**No. E2009-00929-CCA-R3-CD- Filed February 11, 2010**

The appellant, Justin Michael Scott, pled guilty in the Knox County Criminal Court to vehicular assault and driving on a revoked license. He received a total effective sentence of three years, to be suspended after service of six months in the Knox County Jail. On appeal, the appellant challenges the trial court's failure to grant a sentence of full probation. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Russell T. Greene, Knoxville, Tennessee, for the appellant, Justin Michael Scott.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Senior Counsel; Randall E. Nichols, District Attorney General; and Kenneth Irvine, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On August 4, 2008, the Knox County Grand Jury returned a multi-count indictment charging the appellant with vehicular assault, reckless endangerment, driving under the influence, and driving on a revoked license. The guilty plea hearing transcript was not included in the appellate record for our review, but the plea agreement and the judgments reflect that the appellant pled guilty to vehicular assault, a Class D felony, and driving on a revoked license, a Class B misdemeanor. The plea agreement further provided that the

appellant, as a standard Range I offender, would receive sentences of three years and six months, respectively, with the sentences to be served concurrently.

At the sentencing hearing, the trial court stated that it had read the presentence report and victim impact statements. The court remarked that the appellant's case was "troubling" but observed that the appellant had acknowledged responsibility. The court noted that the appellant admitted to medical personnel that he had consumed eight or nine beers before driving on the night in question. The court further stated that the appellant had driven across the highway and collided "head-on" with another individual, who suffered "tremendous damage," and that the accident would have a "lifelong impact on [the victim]." Additionally, the court stated that the appellant was driving without insurance and without a driver's license.

The trial court found that the appellant placed himself and the general public in great danger by making the "conscious decision" to drive intoxicated and without a driver's license. The trial court ordered the appellant to serve six months in the Knox County Jail with the remainder to be served on probation. On appeal, the appellant challenges the trial court's denial of full probation.

## II. Analysis

Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (2006). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentences. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

An appellant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. See Tenn. Code Ann. § 40-35-303(a) (2006). The appellant's sentences meet this requirement. Moreover, an appellant who is an especially mitigated or standard

offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing absent evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6). The following sentencing considerations, set forth in Tennessee Code Annotated section 40-35-103(1), may constitute "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. See Tenn. Code Ann. § 40-35-103(5).

In the instant case, the trial court granted the appellant the alternative sentence of split confinement. However, the appellant complains that the trial court erred in not granting him full probation. An appellant seeking full probation bears the burden of establishing his suitability for full probation, regardless of whether he is considered a favorable candidate for alternative sentencing. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); see also Tenn. Code Ann. § 40-35-303(b) (2006). To prove his suitability, the appellant must establish that granting full probation will "subserve the ends of justice and the best interest of both the public and the [appellant]." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (internal quotation marks omitted), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 8 (Tenn. 2000). Moreover,

> [i]n determining one's suitability for full probation, the court may consider the circumstances of the offense, the defendant's potential or lack of potential for rehabilitation, whether full probation will unduly depreciate the seriousness of the offense, and whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes.

Boggs, 932 S.W.2d at 477.

As we previously noted, some of the considerations in our de novo review are the nature and characteristics of the criminal conduct involved, the presentence report, and evidence and information offered by the parties on enhancement and mitigating factors. However, the appellant has failed to include the transcript of the guilty plea hearing, the presentence report, and the victim impact statements in the record for our review. This court has previously noted:

> For those defendants who plead guilty, the guilty plea hearing is the equivalent of trial, in that it allows the State the opportunity to present the facts underlying the offense. For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed.

State v. Keen, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999) (citation omitted). Accordingly, the appellant's "failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full *de novo* review of the sentence under [Tennessee Code Annotated section] 40-35-210(b)." State v. Shatha Litisser Jones, No. W2002-02697-CCA-R3-CD, 2003 WL 21644345, at *3 (Tenn. Crim. App. at Jackson, July 14, 2003). The appellant carries the burden of ensuring that the record on appeal conveys "a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Accordingly, we presume that the trial court correctly imposed a sentence of split confinement.

### III.  Conclusion

Based upon the foregoing, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE